Martin B. Schwimmer
Victoria T. Polidoro
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022

John E. Petze (California SBN: 118573)
McDOUGAL LOVE ECKIS
BOEHMER & FOLEY
8100 La Mesa Blvd., Ste. 200
La Mesa, California 91942
Phone: (619) 440-4444

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUEST IMPRESSIONS, INC. *a California Corporation,*<br><br>*Plaintiff,*<br><br>v.<br><br>S&B ASSOCIATES, INC. d/b/a Hospitality Vision, *an Oregon Corporation,*<br><br>*Defendant.* | Civil Action No. '16CV0109 H  MDD<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Guest Impressions, Inc. ("Plaintiff" or "Guest Impressions"), by and through its undersigned attorneys, hereby brings this Complaint against Defendant S&B Associates, Inc. d/b/a Hospitality Vision, ("Defendant" or "Hospitality Vision") for declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, as follows.

1

## NATURE OF THE CASE

1. Plaintiff, purveyor of CONCIERGO white label mobile smartphone concierge apps, has been accused by Defendant of allegedly infringing upon Defendant's trademark rights for using a trademark and domain name that encompasses a term that is descriptive of the parties shared industry, hotel concierge services. The parties both offer mobile "virtual" concierge services to hotels throughout the U.S. and the world; Guest Impressions has applied for trademark protection in the word CONCIERGO ("Plaintiff's Mark"), while Defendant holds a registration for the term CONCIERGE TOGO and device (which registration disclaimed the term 'concierge'). Concierge services in hotels have become "virtual" in nature, as mobile applications offering concierge services that are accessible by hotel guests anywhere and at anytime through their personal mobile device, have replaced the traditional concierge desk staffed by a hotel employee. At this point, 'mobile concierge' and 'concierge app' function as generic descriptors for such apps. Defendant has attempted to usurp the virtual concierge market by asserting its trademark against Guest Impressions, threatening legal action and demanding that Plaintiff stop use of its coined mark that consists of the disclaimed CONCIERGE and the ubiquitous 'GO." Accordingly this is an action for declaratory relief arising from Defendant's assertion of its rights in the mark CONCIERGE TOGO and device. Guest Impressions asks the Court to enter a declaratory judgment that Guest Impressions' use of the mark CONCIERGO does not constitute trademark infringement or unfair competition.

## THE PARTIES

2. Plaintiff Guest Impressions, Inc. is a corporation organized under the laws of the State of California with a principal place of business at 424 Sky Mesa Road, Alpine, California 91901.

///

3. On information and belief, Defendant S&B Associates, Inc. d/b/a Hospitality Vision is a corporation organized and existing under the laws of the State of Oregon, with a principal place of business located in 123 NW 7th Street, Corvallis, Oregon 97330.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202, 28 U.S.C §§ 1331 and 1338.

5. Venue is proper in this judicial district under 28 U.S.C. 1391(b)(2) because a substantial part of the events and occurrences giving rise to Guest Impression's claim occurred in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1), (c) and (d).

6. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts and solicits business in the State of California, including within this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**Plaintiff Guest Impressions and Its Business**

7. Plaintiff is a successful creator of a mobile application for virtual concierge services.

8. Plaintiff markets and provides its services to hotel operators through marketing partners. Many of Plaintiff's partners operate hotel chains with locations throughout the country and world.

9. Plaintiff's application enables users, the guests of hotels, to access information through their personal mobile device specific to the location of the hotel where they are staying. Information accessible through Plaintiff's application is the same information that a hotel guest would obtain from a physical concierge located at a desk within a hotel lobby, such as, restaurant hours and menus, details regarding local attractions, information on shopping or downtown districts and

3

transportation schedules. Thus the application Plaintiff builds and maintains for its clients is considered a "virtual concierge," and is a "mobile concierge" in that the information services are accessible via a mobile smartphone app. These two terms have become common terms in the industry in which Plaintiff and Defendant operate.

10. In addition to creating an application with data specific to its client's location, Plaintiff maintains the data, ensuring all information available on the virtual concierge application is current and up-to-date.

11. Plaintiff has applied for trademark protection in the word CONCIERGO along with a unique logo (U.S. Application No. 86,727,298) and promotes its services under the CONCIERGO mark. See **Exhibit 1**.

12. In the course of its business, Plaintiff or Plaintiff's marketing partners meet in person with hotel operators to gather the content which will populate a customized virtual concierge application. Plaintiff also meets with marketing professionals to gather the underlying data available to hotel guests through the virtual concierge services which is unique to each hotel location. Face-to-face meetings and continued contact between Plaintiff, the hotel operators and marketing representatives is pertinent to create an application that takes the place of a physical concierge desk in a hotel lobby

**Defendant and Its Business**

13. On information and belief, Defendant owns U. S. Registration No. 4,494,431 for the term "Concierge ToGo" with a stylized "G." (the "431 Registration.")

14. On information and belief, Defendant provides services that are similar to Plaintiff in that it offers virtual concierge services to hotel guests.

15. On information and belief, Defendant promotes its services in a variety of methods, including but not limited to distributing a downloadable app on

4

the internet, under its trademark, using nationwide app stores such as the Apple App Store.

16. On information and belief, Defendant must meet in person with hotel operators and marketing professionals in order to gather the information needed to populate its application.

**Plaintiff's Investigation into Defendant's Infringement Claims**

17. On December 23, 2015, an attorney representing Defendant, contacted Plaintiff by letter (the "Demand Letter"). A true and correct copy of the Demand Letter is attached as **Exhibit 2**. The Demand Letter asserted Defendant's purported rights in the CONCIERGE TOGO and device mark for "downloadable computer software for mobile devices consisting of a hotel-specific virtual, animated hotel concierge to provide information about hotel-specific amenities, guest services, meeting times and local attractions" pursuant to the '431 Registration.

18. The Demand Letter alleged that Plaintiff's use of the mark CONCIERGO somehow "infringes" Defendant's rights to the mark CONCIERGE TOGO and device. Defendant further threatened to sue Plaintiff if Plaintiff did not cease use of its mark CONCIERGO within ten days of receipt of the Demand Letter.

19. Plaintiff's counsel responded to the Demand letter on December 29 and indicated that a response would be forthcoming.

20. A second letter from Defendant's attorney followed on January 4, 2016 (the "Second Demand Letter"), in which Defendant's attorney stated that his client refused to await a substantive response from Plaintiff and again threatened suit. A true and correct copy of the Second Demand Letter is attached as **Exhibit 3**. The Second Demand Letter set a deadline of January 15, 2016 for Plaintiff to meet all of Defendant's demands, namely: ceasing to use their mark and domain

5

name. The letter also stated that if Defendant's demands were not met by said date, then Defendant would bring suit against Plaintiff in federal court for trademark infringement and would seek damages from Plaintiff consisting of revenue derived from the use of Plaintiff's allegedly infringing mark, as well as attorney's fees.

21. Upon receipt of the above-referenced Demand letters, Plaintiff immediately investigated the allegations contained therein.

22. Plaintiff's investigation indicated that Defendant has disclaimed the term "Concierge" in its '431 Registration. See **Exhibit 4**.

23. Plaintiff's investigation also identified many third-party proprietors of mobile applications relating to virtual concierge services and other information services that hold U.S. trademark registrations or applications that also utilize the word "concierge" in the applied-for mark. *See e.g.,* **Exhibit 5**.

24. Upon information and belief, a third party uses the mark GoConcierge.Net.

25. Third parties use the term VIRTUAL CONCIERGE or MOBILE CONCIERGE to describe mobile information services delivered to hotel guests. *See e.g.*, **Exhibit 6**.

26. The term "concierge" has become a generic or descriptive term for mobile information services provided to hotel guests. *See e.g.*, **Exhibit 7**, an article from <mobilemarketer.com>, entitled "Why concierge apps are way (*sic*) of the future in hospitality," accessed at: http://www.mobilemarketer.com/cms/news/strategy/20803.html, and an article from <travelandleisure.com> entitled "The Rise of the Mobile Concierge" accessed at http://www.travelandleisure.com/blogs/the-rise-of-the-mobile-concierge .

27. The other word element in Defendant's mark is 'ToGo', which element is descriptive or at best, highly suggestive of mobile services. The 'ToGo' element is diluted and should be granted a limited scope of protection. In any event, Plaintiff doesn't use 'ToGo' but rather the letter string –GO, in the coined term CONCIERGO.

28. The term 'ToGo' is a generic term in the food industry to designate the off-premises delivery and/or consumption of goods or services. Many trademark registrations disclaim the term when it covers some form of delivery service. 'ToGo' is commonly used to designate a mobile characteristic of goods or services. Numerous trademark registrations covering delivery, software or information services include the term 'ToGo.' See, e.g., **Exhibit 8**

29. The term ToGo is ubiquitous in designating the quality of mobility.

30. The device portion of Defendant's mark as depicted in Exhibit 4, consisting of an arrow and 'speed' lines to signal motion, are unique to Defendant, and are in no way used or referred to by Plaintiff.

31. The font used in the word portion of Defendant's mark as depicted in Exhibit 4 is unique to Defendant, and are in no way used or referred to by Plaintiff.

32. Upon information and belief, both parties provide services to hotels and other institutions within the hospitality industry that provide concierge services to their guests (the "Customers".

33. Employees within the Customers who select such services are sophisticated.

34. The Customers are exposed to multiple promotions for the services that use the term "concierge."

35. The Customers are exposed to multiple promotions for the services that use terms to describe or suggest mobility.

7

36. In short, Defendant is attempting to assert rights in excess of the protection afforded by its trademark registration. Defendant is attempting to prevent other providers, such as Plaintiff, who operate in the virtual concierge industry from (1) utilizing the descriptor "concierge" in their trademarks and (2) suggesting mobility as a characteristic of the service.

37. In view of Defendant's (i) correspondence with Plaintiff alleging trademark infringement; (ii) demand for Plaintiff to cease using its mark CONCIERGO; and (iii) threat to sue Plaintiff in federal court, Plaintiff has a reasonable apprehension of being sued by Defendant for trademark infringement, purported money damages and attorney's fees relating thereto.

38. Defendant's allegations of infringement and threat of litigation have created an actual, substantial, and justiciable case or controversy between Plaintiff and Defendant with respect to Plaintiff's use of its CONCIERGO name and the enforceability of Defendant's CONCIERGE TOGO and device mark.

39. Based on Defendant's unjustified demands and threats, Plaintiff has a real and reasonable apprehension that Defendant will commence litigation against it over its use of the CONCIERGO name if Plaintiff does not comply with Defendant's demands to cease operating under the name CONCIERGO and cease use of its domain name.

## FIRST CLAIM FOR RELIEF

### Declaration of Non-Infringement, 15 U.S.C. §§ 1114, 1125

40. Plaintiff incorporates by reference each and every preceding paragraph as if fully set forth herein.

41. Defendant's CONCIERGE TOGO and device mark and Plaintiff's CONCIERGO mark, are dissimilar in sound, sight, and commercial impression. In particular, Defendant's CONCIERGE TOGO name includes an additional

8

distinctive term that is not present in Plaintiff's CONCIERGO mark, namely "ToGo".

42. Defendant's mark is weak and distinguishable due to the stringing together of weak elements, such as "concierge" and "ToGo" to create a protectable whole.

43. On information and belief, Defendant has disclaimed the right to use "concierge" apart from the mark as registered.

44. Defendant's use of the word "concierge" to describe its services is always in conjunction with the term "ToGo" with a stylized "G" and unique design. The phrase "ToGo" is absent from Plaintiff's mark.

45. On information and belief, there has been no actual confusion among consumers between any services provided by or licensed by Defendant under the CONCIERGE TOGO and device mark on the one hand and Plaintiff's CONCIERGO on the other hand.

46. Customers and prospects of Plaintiff and Defendant are sophisticated by nature; they are operators of hotel chains.

47. The meetings between Plaintiff and their clients are face-to-face and the relationship is ongoing with frequent communication, as content provided through Plaintiff's mobile application changes seasonally or even daily.

48. Upon further information and belief, there are numerous third-parties who use the word "concierge" in connection with virtual concierge services for which Defendant claims exclusive proprietary rights.

49. There is no likelihood of confusion, mistake, or deception among consumers as to whether Guest Impressions and/or its products are associated with, sponsored by, connected to, or affiliated with Defendant or any products licensed by Defendant because of, among other reasons: (i) the differences in sight, sound, and impression between Defendant's CONCIERGE TOGO and device mark and

Plaintiff's CONCIERGO mark; (ii) the sophistication of Plaintiff's and Defendant's customers; (iii) the face-to-face interactions between Plaintiff and Defendant and their respective customers; and (iv) the extensive third party use of the term "concierge" in connection with virtual concierge services. Accordingly, Plaintiff's use of its name within its service channels does not infringe upon the alleged trademark rights held by Defendant in the CONCIERGE TOGO and device mark, if any.

50. Accordingly, Plaintiff is entitled to a declaratory judgment from this Court that Plaintiff's use of the CONCIERGO name does not infringe any rights allegedly held by Defendant in the CONCIERGE TOGO and device mark under 15 U.S.C. § 1114, 15 U.S.C. § 125, or any state law concerning trademark infringement or unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. An Order declaring that:
  i. Plaintiff has not infringed any valid trademark rights owned by Defendant;
  ii. Defendant is not entitled to recover any damages by virtue of any use of Plaintiff's CONCIERGO name;
  iii. Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Plaintiff or anyone in privity with them with respect to Plaintiff's use of CONCIERGO; and
  iv. This case represents an "exceptional case" as defined by 15 U.S.C. § 1117.

B. An award to Plaintiff of its attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117.

C. Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable by jury.

Respectfully submitted,

Dated: January 15, 2016

s/John E. Petze
John E. Petze
McDOUGAL LOVE ECKIS BOEHMER & FOLEY
8100 La Mesa Blvd., Ste. 200
La Mesa, CA 91942
Phone: (619) 440-4444
Fax: (619) 440-4907
Email: jpetze@mcdougallove.com

Martin B. Schwimmer (MS 7011 (NYS))
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: schwimmer@leasonellis.com
Email: polidoro@leasonellis.com
***Attorneys for Plaintiff***